Edward Robinson, Jr., J.
In this action, which is brought to secure a declaratory judgment construing the rights of the parties under a lease, plaintiff moves for a temporary injunction restraining the defendant, until the trial and determination of the action and the entry of final judgment therein, from demanding or collecting from plaintiff any rent for the premises involved and from taking any action by notice, summary proceedings or otherwise, toward the termination of the lease on the ground of nonpayment of rent.
The lease executed by the parties hereto under date of March SO, 1948 was for a term commencing April 2, 1948 and expiring on October 1, 1969. Located on the leased premises was a “ roller skating rink” and an “ outdoor swimming pool”, each contained in separate structures located about 35 feet apart. It is conceded by both parties that on April 16, 1959 the building containing the roller skating rink was totally destroyed by fire; that the swimming pool was not affected except for the hindrance caused by the debris from the fire and that the landlord has failed and refused to remove the debris or to take any steps for the restoration of the roller skating building. It is further conceded by both parties that the pool was opened on Decoration Day and is in use and that the landlord has demanded the full payment of rent and attempted to terminate the lease for the failure of the tenant to pay. It is further indicated by correspondence between the parties’ attorneys that the landlord may decide not to rebuild the building that was destroyed. In addition to the real property and the buildings thereon, the lease included a long list of *461 personal property and equipment which appears to have been part of the roller skating building and which presumably was destroyed in the fire.
The rental reserved in the lease was on an annual basis and did not make any apportionment between the various parts of the premises. By paragraph thirteenth of the lease it was agreed that in the event of a partial damage to any of the buildings located on the demised premises by reason of fire or other casualty, that the landlord, at its own cost and expense, would restore the premises in substantially the same manner and condition in which same were prior to the fire or casualty and that if such partial damage should interfere with the operation of the tenant’s business in the demised premises the rental reserved should “abate proportionately”. Jt was further provided in this paragraph that in the event of the total destruction of the buildings located on the demised premises by fire or other casualty, or if by reason of such fire or other casualty the tenant in possession of the demised premises is “unable to carry on any part of the business then being conducted in said buildings ” the landlord agreed to rebuild as promptly as possible and restore the premises to a condition substantially the same as existed prior to the fire or other casualty. It was further provided in this paragraph that in such event the term of the lease should be extended for an additional period equal to the period of time elapsed between the fire or other casualty and until the premises should be ready for occupancy and that the rental fixed should “abate proportionately” from the happening of such casualty until the premises are ready for occupancy by the tenant. Peculiarly, this clause further provided that in the event that the landlord should fail to rebuild within one year of the date of the happening of such casualty, then the landlord should pay to the tenant a sum equal to $2,500 for each year and prorated portion of a year of the unexpired term of this lease, calculated from the date of the happening of such casualty to October 1, 1964 and $1,500 for each year or prorated portion of a year from October 1, 1964 to the end of the term of the lease, October 1, 1969 and should also pay to the tenant any prepaid rent and return the security deposited under the lease.
Although the lease provided for arbitration, apparently neither party has sought to proceed in that manner and the point has not been raised in connection with this motion.
Under the terms of this lease the landlord was bound to restore the premises so that they might be used by the tenant for the purposes intended. If the landlord were allowed to *462 collect rent without performing this obligation the tenant would be deprived, to all intents and purposes, of the entire use of the property during the winter months. If, under the terms of the lease, the landlord waited until the expiration of the year from the date of the fire all rent paid from the date of the fire would have to be returned by the landlord together with the amounts stipulated as above set forth if it were determined that subdivision B of paragraph thirteenth of the lease applied.
Under all of the circumstances, and in the interest of justice, plaintiff’s motion for a temporary injunction is granted upon furnishing a proper surety bond in the sum of $5,000 with leave granted to the defendant to apply to this court for additional security in the event that this action is not placed upon the Trial Calendar of this court on or before November 1959 Term, through no fault of the defendant.
Settle order on notice.